RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0126P (6th Cir.)
File Name: 03a0126p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*  No. 02-1575

RANDY GRAHAM,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 98-00054—Richard A. Enslen, District Judge.

Argued: March 26, 2003

Decided and Filed: April 28, 2003

Before: BOGGS and MOORE, Circuit Judges; COHN,
Senior District Judge.[*]

———————————

### COUNSEL

**ARGUED:** Jeffrey J. O'Hara, Grand Rapids, Michigan, for
Appellant. Joan E. Meyer, ASSISTANT UNITED STATES
ATTORNEY, Grand Rapids, Michigan, for Appellee.

---

[*] The Honorable Avern Cohn, Senior United States District Judge for
the Eastern District of Michigan, sitting by designation.

**ON BRIEF:** Jeffrey J. O'Hara, Grand Rapids, Michigan, for
Appellant. Joan E. Meyer, ASSISTANT UNITED STATES
ATTORNEY, Grand Rapids, Michigan, for Appellee.

  MOORE, J., delivered the opinion of the court, in which
BOGGS, J., joined. COHN, D. J. (p. 12), delivered a separate
opinion concurring in the result.

———————————

### OPINION

———————————

  KAREN NELSON MOORE, Circuit Judge. Section
5G1.2(d) of the U.S. Sentencing Guidelines requires that
when the sentence imposed on the count with the greatest
statutory maximum is less than the total punishment provided
under the guidelines, sentences must be imposed
consecutively to the extent necessary to reach the total
punishment. U.S. Sentencing Guidelines Manual § 5G1.2(d).
Section 5G1.2(a) provides that when a statute specifies a
mandatory sentence for an offense and specifies that the
sentence is to run consecutively to any other sentence, the
sentence on that count is to be "imposed independently." *Id.*
at § 5G1.2(a). The question presented in this appeal is
whether a sentence that is "imposed independently" under
§ 5G1.2(a) counts toward the total punishment when stacking
consecutive sentences under § 5G1.2(d). Because a sentence
to be imposed independently does not count toward the total
punishment for purposes of § 5G1.2(d), the district court
correctly imposed all sentences consecutively in the present
case.

  This is the second time we have seen this case. *See United
States v. Graham*, 275 F.3d 490 (6th Cir. 2001), *cert. denied*,
535 U.S. 1026 (2002). The first time we saw it, we affirmed
Randy Graham's conviction and remanded for reconsideration
of his sentence in light of *Apprendi v. New Jersey*, 530 U.S.
466 (2000). Graham now appeals his new sentence, which
we **AFFIRM**.

## I. BACKGROUND

Randy Graham was a marijuana farmer, cultivating crops of marijuana that ranged up to forty pounds per year. *Graham*, 275 F.3d at 497. Graham and his partner sold their harvest, and Graham, who was known to carry a firearm from time to time while tending his fields, used the proceeds of this enterprise to buy weapons for his other hobby, plotting the overthrow of the United States Government. *Id.* Graham was an active member of the North American Militia, a paramilitary organization that planned a "first strike" in which they would attack and destroy various transportation, communication, and energy sources, kill certain federal officials, and "hold on" for a number of days while other militias took the rest of the country. *Id.* at 497-98. The militia had stockpiled various assault rifles, explosive materials, and body armor for their attack. *Id.* at 498-99.

Along with other members of the North American Militia, Graham was arrested, and he was ultimately convicted on six counts. The counts included a conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 (Count 1); being an unlawful user of marijuana in possession of firearms in violation of 18 U.S.C. § 922(g)(3) (Count 9); an unlawful attempt to manufacture marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 10); a conspiracy to manufacture marijuana in violation of 21 U.S.C. § 846 and § 841(a)(1) (Count 11); carrying a semi-automatic assault weapon during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 13); and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 14). At sentencing, the district court made clear that it considered Graham "a dangerous man, capable of killing people." J.A. at 229. "You are a scary guy," the district court stated, "and the guys you hang around with are scary and your interpretation of the Constitution is scarier yet." J.A. at 237.

The court sentenced Graham to fifty-five years, a punishment it called "a long sentence" but one that "may

reflect the crime's seriousness." J.A. at 233. The court calculated Graham's sentence as follows: including a terrorism-related enhancement pursuant to § 3A1.4(a) of the U.S. Sentencing Guidelines, Graham was deemed to have committed a Level 41 offense with a Level VI Criminal History; under § 5A, these levels produced a guideline range of 360 months to life.

The district court then applied § 5G1.2, which governs sentences involving convictions on multiple counts. Two provisions were especially relevant. First, § 5G1.2(a) provides that, except for an exception not relevant here, if the statute that governs sentences for a particular crime of conviction identifies a specific sentence and requires that the sentence for that offense run consecutively with any other sentence, then the court should impose the sentence for that sentence as the statute requires. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5G1.2(a). This affected Graham's sentences on Counts 13 and 14, because 18 U.S.C. § 924(c)(1) provides that Graham's convictions for carrying a firearm during and in relation to his violent crime and his drug crime carry mandatory consecutive sentences of twenty years and five years, respectively.

Second, § 5G1.2(d) provides that when the sentence for the count with the highest statutory maximum is less than the total punishment, then sentences shall run consecutively, but only to the extent necessary to produce a combined sentence that equals the total punishment. U.S.S.G. § 5G1.2(d). Once the combined sentences reach the total punishment, however, then sentences are to run concurrently. *Id.* This principle affected Graham's sentences on Counts 1, 9, 10, and 11. Counts 10 and 11, which involved Graham's unlawful attempt to manufacture marijuana and his conspiracy to manufacture marijuana, respectively, each had a statutory maximum of five to forty years. *See* 18 U.S.C. § 841(b). Having determined that Graham was responsible for over one hundred marijuana plants, the court sentenced Graham to thirty years on each of those counts. The district court also sentenced Graham to the maximum five years on Count 1,

involving the conspiracy to commit offenses against the United States, and the maximum ten years on Count 9, for being an unlawful user of marijuana in possession of firearms. Applying § 5G1.2(d), the district court determined that the sentence on the charge involving the greatest statutory maximum, the thirty-year sentence imposed on Counts 10 and 11, equaled the total punishment of 360 months, and the court imposed the sentences on Counts 10 and 11 to run concurrently with each other and with Counts 1 and 9. The district court added the mandatory twenty-year and five-year sentences on Counts 13 and 14 for a total of fifty-five years, and Graham appealed.

In a decision issued on December 17, 2001, we affirmed in all respects, including the application of the terrorism enhancement of § 3A1.4(a), except for the ultimate calculation of the sentence. Because the quantity of marijuana involved in Counts 10 and 11 increased the sentence beyond the statutory maximum and had not been found beyond a reasonable doubt, we held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided after the sentence had been issued, required resentencing. The finding that Graham was responsible for one hundred marijuana plants had neither been alleged in the indictment nor found beyond a reasonable doubt, but because it increased his maximum penalty from five to forty years, *compare* 21 U.S.C. § 841(b)(1)(B)(vii), *with id.* § 841(b)(1)(D), his sentence violated *Apprendi*. *See Graham*, 275 F.3d at 521. This constituted plain error, affecting Graham's substantial rights by increasing his total sentence beyond the maximum permitted under the statute. Adding the statutory maximums of five years for Count 1, ten years for Count 9, *five* years for Count 10, *five* years for Count 11, twenty years for Count 13, and five years for Count 14, we noted that "[t]he combined maximum prison sentences of all counts of conviction if served consecutively would be fifty years. Because Graham's [fifty-five-year] sentence exceeded this limit, the plain error test ha[d] been satisfied," and we remanded for resentencing. *Id.* at 524.

On remand, the district court simply followed the logic we laid out in the passage quoted above and imposed a fifty-year sentence. In resentencing Graham, the district court stated, "The guideline scoring except as to Counts 10 and 11 should not, as I read the opinion, be changed." J.A. at 247. Accordingly, the court imposed "identical sentences with the exception that the terms for Counts 10 and 11 shall each be reduced to 60 months, and the sentences on all counts shall run consecutive in order to conform to the guideline purposes of fully punishing criminal conduct calculated under the guidelines and consistent with the Court of Appeals' analysis." J.A. at 248-49. The district court referred to § 5G1.2 of the Guidelines and the language from this court's decision that is cited above.

Graham appeals, arguing that he should have been given a thirty-five year sentence. He argues that after imposing the mandatory sentences on Counts 13 and 14, which added to twenty-five years, § 5G1.2 of the Guidelines required the district court to impose all remaining sentences to run concurrently with each other. On Graham's theory, those sentences would have been subsumed under the ten-year sentence on Count 9, which when added to the mandatory sentences on Counts 13 and 14 would result in a total sentence of thirty-five years. We review de novo pure questions of law regarding sentencing, *United States v. Canestraro*, 282 F.3d 427, 431 (6th Cir. 2002), and the determination of what § 5G1.2 requires is a pure question of law.

## II. ANALYSIS

### A. Law of the Case

The Government argues that Graham "cannot now argue that [his] sentence raises *Apprendi* error," because this court previously addressed the *Apprendi* issue, found error, and "authorized" the district court to impose a fifty-year sentence. Appellee Br. at 11. Accordingly, the Government argues, the law of the case doctrine prevents us from reopening this issue. Because Graham is not now raising an *Apprendi* challenge,

and because we never addressed whether § 5G1.2 *requires* a fifty-year sentence, the law of the case doctrine is inapplicable here.

The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings. *United States v. Tocco*, 306 F.3d 279, 288 (6th Cir. 2002), *petition for cert. filed*, 71 U.S.L.W. 3567 (U.S. Feb. 14, 2003) (No. 02-1225). "'Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Rosales-Garcia v. Holland*, – F.3d –, 2003 WL 742589, at *7 n.11 (6th Cir. 2003) (en banc) (quoting 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478 (2d ed. 2002)). Once a court has decided an issue, its decision should generally be given effect throughout the litigation. *See United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990).

Here, however, we have not decided the issue that Graham raises. In the initial appeal, we determined that Graham's fifty-five-year sentence violated the principles of *Apprendi v. New Jersey*, because even if Graham had been given the statutory maximum penalty for each offense, and all sentences ran consecutively, Graham could only have received a sentence of fifty years. *Graham*, 275 F.3d at 524. In this appeal, Graham does not argue that his fifty-year sentence constitutes an *Apprendi* violation. Rather, he argues that his sentence was inappropriate under § 5G1.2 of the Sentencing Guidelines. We never stated in the initial appeal that a fifty-year sentence was authorized under the guidelines or addressed § 5G1.2 in any way; we ruled only that a fifty-year sentence would be the maximum the district court could impose without violating *Apprendi*.

## B. Consecutive Sentences

Graham claims that the district court improperly interpreted § 5G1.2 to require that his sentences on all counts run consecutively. Conceding that § 5G1.2(a) requires that his

twenty-year sentence on Count 13 and his five-year sentence on Count 14 are to run consecutively to any other sentences, Graham argues that under § 5G1.2(d), his sentences on Counts 1, 9, 10, and 11 should have run concurrently with each other, so that the three shorter sentences would be subsumed under Count 9's ten-year sentence, for a total sentence of thirty-five years. Section 5G1.2(d) provides as follows.

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d). Graham argues that the district court should have imposed the sentences to run consecutively only to the extent necessary to reach 360 months, which is the lower end of the guideline range of 360 months to life. Thus once the district court added Count 9's ten-year sentence to the twenty-year and five-year sentences of Counts 13 and 14, which all together totaled 360 months, Graham contends that § 5G1.2(d) required the court to impose the remaining sentences to run concurrently.

Section 5G1.2 identifies those sentences that are to be imposed consecutively by reference to the "total punishment," which was determined independently of Graham's convictions on Counts 13 and 14. Under § 5G1.2(d), in cases in which the sentence with the highest statutory maximum is less than the total punishment under the Guidelines, sentences are to run consecutively to the extent necessary to reach the total punishment. The "total punishment," in turn, is the "combined length of the sentences . . . determined by the court after determining the adjusted combined offense level and the Criminal History Category." U.S.S.G. § 5G1.2 cmt. 1. Here, the total punishment was 360 months to life, a

figure based on Graham's combined offense level of 41 and his Criminal History Category of VI. Because Guideline § 3D1.1(b) excludes offenses that carry mandatory sentences that the statute requires run consecutively to any other sentences when determining the combined offense level, the total punishment level was calculated based on the offenses in Counts 1, 9, 10, and 11 alone, and without reference to the convictions that carry mandatory sentences. U.S.S.G. § 3D1.1(b).

Just as a defendant's total punishment is calculated under § 3D1.1(b) independently of those offenses that carry mandatory consecutive sentences, a defendant's sentences must run consecutively under § 5G1.2(d) so that they reach the total punishment independently of any mandatory consecutive sentences identified by the statute. That is, in cases in which the sentence on the count with the highest statutory maximum is less than the total punishment, courts must stack the sentences that do not carry mandatory consecutive sentences "to the extent necessary to produce a combined sentence equal to the total punishment," U.S.S.G. § 5G1.2(d), and then impose in addition any mandatory consecutive sentences to run consecutively.

If the sentence on the count carrying a mandatory consecutive sentence were accumulated with other sentences for purposes of reaching the total punishment under § 5G1.2(d), Congress's specific statutory requirement that the sentence be imposed independent of any other sentence and run consecutive to any other sentence would have little meaning. Indeed, on that contrary interpretation, there would be possible cases in which a defendant convicted of a § 924(c) offense would receive the same total sentence he or she would have received without the § 924(c) conviction, a result that cannot be squared with the statute's text. *See* 18 U.S.C. § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person."). When § 5G1.2(a) states that sentences on such crimes are "to run consecutively to any other term of imprisonment," U.S.S.G.

§ 5G1.2(a), it means precisely that. *Cf. United States v. Schaffer*, 110 F.3d 530, 534 (8th Cir. 1997) (noting that because sentences on § 924(c) convictions are to be calculated independently, the adjustments set forth in Chapter Three of the Guidelines Manual "are not to be applied to mandatory statutory sentences").

Here, the district court could not have imposed any other sentence. With a total punishment of 360 months to life, § 5G1.2(d) required the court to impose the sentences on Counts 1, 9, 10, and 11 to run consecutively to the extent necessary to produce a sentence equal to the total punishment. Those four sentences added up to twenty-five years, which did not reach the total punishment of 360 months. The sentences on Counts 13 and 14 could not count toward that total punishment, because § 5G1.2(a) requires that those sentences be imposed independently and run consecutive to any other sentence. The twenty-year sentence on Count 13 and the five-year sentence on Count 14 were then added consecutively as required by 18 U.S.C. § 924(c)(1)(D)(ii), resulting in a total sentence of fifty years.

## C. *Apprendi*

At oral argument, the United States argued that a decision of the United States Supreme Court requires that we reverse our earlier *Apprendi* ruling and remand to the district court to reimpose Graham's fifty-five-year sentence. The United States points to *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781 (2002), which found an *Apprendi* violation not to "seriously affect the fairness, integrity, or public reputation of judicial proceedings" when the drug quantity, although not alleged in the indictment, was established by overwhelming evidence at trial, *Cotton*, 122 S. Ct. at 1786. The United States argues that the *Apprendi* violation in Graham's case similarly fails to constitute plain error. *Cotton* was decided on May 20, 2002, more than five months before the United States filed its brief in this case, yet the United States referred to neither any error in the previous finding of an *Apprendi* violation, the five-month-old decision in *Cotton*, nor any

other argument on the merits in its brief, focusing only on its law of the case argument. The United States has identified no "plain miscarriage of justice" that would result if we declined to address this issue, *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) (quotation omitted), and we consider it waived.

## III.  CONCLUSION

As § 5G1.2 of the Sentencing Guidelines required the district court to impose all sentences consecutively, we **AFFIRM** the sentence.

_____

## CONCURRENCE

_____

AVERN COHN, District Judge, concurring. I concur in the result.