**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Montel HUMPHREY, Defendant–Appellant.**

No. 02–3860.

United States Court of Appeals,
Sixth Circuit.

Nov. 26, 2003.

Ronald B. Bakeman, Asst. U.S. Attorney, U.S. Attorney's Office, Roger S. Bamberger, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Paul Mancino, Jr., Mancino, Mancino & Mancino, Cleveland, OH, for Defendant–Appellant.

Before COLE and CLAY, Circuit Judges; and COLLIER, District Judge.[*]

## OPINION

COLE, Circuit Judge.

Defendant–Appellant Montel Humphrey appeals his 240–month sentence imposed following this Court's remand for re-sentencing after his conviction by a jury for conspiring to possess with intent to distribute cocaine, possession of a firearm after a prior felony conviction, and conspiring to commit money laundering. Humphrey claims that he was denied due process of law during his re-sentencing because: (1) neither the jury instructions nor the jury's verdict identified the type or quantity of the controlled substance that was the sub-

ject of the conspiracy; (2) at re-sentencing, the district court failed to determine the type or quantity of the controlled substance that was the subject of the conspiracy; and (3) the court imposed a fine without considering Humphrey's ability to pay. Because the district court properly re-sentenced Humphrey pursuant to this Court's remand order, *United States v. Humphrey*, 287 F.3d 422 (6th Cir.2002), we affirm the judgment of the district court.

Initially, the district court sentenced Humphrey to 240 months' imprisonment pursuant to the district judge's erroneous belief that she was required to sentence Humphrey to a mandatory minimum sentence of 240 months, as provided for in 21 U.S.C. § 841(b)(1)(A). On appeal, we found that that sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Although Humphrey was convicted of violations of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), we found that the jury's failure to determine beyond a reasonable doubt the quantity of drugs for which Humphrey should be held responsible properly required him to be sentenced only pursuant to 21 U.S.C. § 841(b)(1)(C), which provides for a maximum penalty of twenty years' imprisonment, except where, as here, a defendant has a prior felony drug conviction, in which case that defendant is subject to a thirty-year maximum statutory penalty.[1] *Hum-*

---

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1. In our previous opinion, we relied on *United States v. Flowal*, 234 F.3d 932 (6th Cir.2000) and *United States v. Ramirez*, 242 F.3d 348 (6th Cir.2001), both of which had extended *Apprendi* to forbid the imposition of a mandatory minimum sentence achieved by a fact determined only by a judge, even if the resulting sentence did not exceed the statutory maximum. However, in light of the U.S. Supreme Court's

decision in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)—namely, that *Apprendi* is not implicated when the sentencing court makes factual findings that increase the guideline range but where the ultimate sentence does not exceed the statutory maximum—the Sixth Circuit has expressly overruled *Flowal*, *Ramirez*, and similar precedents, on grounds that those pronouncements conflict with *Harris* and therefore have been superseded. *See United States v. Leachman*, 309 F.3d 377, 381–83 (6th Cir.2002). Under

*phrey,* 287 F.3d at 446–47. However, we noted that "the district court properly found that Humphrey was subject to a Guidelines sentencing range of 235 to 293 months" based on the district judge's finding by a preponderance of the evidence that Humphrey was responsible for 50–150 kilograms of cocaine and that Humphrey should receive a two-point role enhancement. *Id.* at 448.

On July 12, 2002, the district court conducted a re-sentencing hearing pursuant to this Court's remand order. The district court first "incorporated all of its findings contained in the sentencing transcript of [the first sentencing hearing]" and then proceeded to sentence Humphrey to 240 months' imprisonment, although this time, not because of the mandatory minimum provided for in 21 U.S.C. § 841(b)(1)(A). Thus, Humphrey's sentence is consistent with this Court's previous finding that Humphrey was properly subject to a U.S. Sentencing Guidelines range of 235 to 293 months. In Humphrey's first two claims on appeal—that his sentence is invalid because (1) neither the jury instructions nor the jury identified the type or quantity of the controlled substance in question and (2) the district court failed to determine the type or quantity of the controlled substance at the re-sentencing—he raises issues already decided by this Court; misapprehends *Apprendi;* and attempts to artificially isolate his re-sentencing from the context of the entire case.

■ First, we have previously addressed and dismissed Humphrey's claim that the jury should have been instructed to return a special verdict concerning the type of controlled substance at issue. *Humphrey,* 287 F.3d at 441 (citing *Olden v. United States,* 224 F.3d 561, 567 (6th

Cir.2000) ) (finding no entitlement to a special verdict because 21 U.S.C. § 841(a)(1) governs the distribution of "controlled substances," and where, as here, the drugs at issue are both proscribed controlled substances); *see also United States v. Graham,* 327 F.3d 460, 464 (6th Cir.2003) ("the law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings.").

■ Second, it is well-settled that even after *Apprendi,* drug quantity may be treated as a sentencing-enhancing factor, found by the judge pursuant to a preponderance of the evidence standard, and used to increase the penalty for an offense, so as long as those facts do not increase the ultimate sentence beyond the default statutory maximum. *United States v. King,* 272 F.3d 366, 378 (6th Cir.2001), *cert. denied,* 535 U.S. 1119, 122 S.Ct. 2344, 153 L.Ed.2d 172 (2002); *cf. United States v. Strayhorn,* 250 F.3d 462 (6th Cir.2001) (drug quantity is treated as an element of the offense and must be proved beyond a reasonable doubt only when sentencing a defendant in excess of the default statutory maximum), *overruled on other grounds by United States v. Leachman,* 309 F.3d 377 (6th Cir.2002). Thus, Humphrey's arguments that the district court's determination of drug quantity should have been supported by proof beyond a reasonable doubt and that his sentence is invalid absent a finding of drug quantity by the jury are without merit. Because the default statutory maximum, pursuant to 21 U.S.C. § 841(b)(1)(C), was 360 months' imprisonment, the district judge's imposition of a 240–month sentence on remand was appropriate, and not a violation of *Apprendi.*

---

the current state of the law, Humphrey's case would not have been remanded for re-

sentencing.

Third, contrary to Humphrey's assertion, the district judge ascertained the type and quantity of the drug at issue, finding by a preponderance of the evidence—at the first sentencing hearing—that Humphrey was responsible for 50–150 kilograms of cocaine. As noted above, the district court commenced the re-sentencing hearing by explicitly incorporating that and other factual findings from the earlier hearing. The district court was not obligated to make the drug-quantity finding anew, as defendant argues.

Lastly, Humphrey argues that he was denied due process of law when the district court imposed a $25,000 fine without considering his ability to pay. Defendant failed to raise this objection in the district court. "[A] court of appeals [has] a limited power to correct errors that were forfeited because [they were] not timely raised in the district court." *United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We will notice such an error only in "exceptional circumstances" or when the failure to do so would produce a "plain miscarriage of justice." *United States v. Pickett,* 941 F.2d 411, 415 (6th Cir.1991).

Defendant has alleged no exceptional circumstances or claims that a miscarriage of justice will ensue as a result of the district court's determination. Furthermore, there is no evidence in the record that defendant, upon release from prison and while on ten years of supervised release, will be unable to pay the fine in reasonable installments.

For the foregoing reasons, the judgment of the district court is AFFIRMED.