NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0846n.06

No. 11-6428

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOE ALEXANDER BROWDER, JR., | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | *Aug 06, 2012* |
| v. | ) | LEONARD GREEN, Clerk |
| | ) | ON APPEAL FROM THE |
| NANCY ANKROM, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| and | ) | |
| | ) | |
| SARA ESTES; TAMMY BUCHANAN, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Joe Alexander Browder, Jr., a pro se Kentucky resident, appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983.

Browder alleged that Chief Deputy Nancy Ankrom, Nurse Sara Estes, and Nurse Tammy Buchanan violated his rights while he was incarcerated at a county jail.  He alleged that the defendants failed to provide him with his prescription medication for high blood pressure and allergies, ignored his broken tooth and filling, and collected per diem fees to defray the costs associated with his medical visits and his room and board.

The district court initially dismissed Browder's individual capacity claims under 28 U.S.C. § 1915A(b)(1).  It also dismissed his Eighth Amendment claims, his equal protection claim, and his due process claims regarding the collection of fees.  The court subsequently awarded the defendants

_____

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

summary judgment insofar as Browder raised claims against them in their official capacity, alleging that they violated the Fourteenth Amendment by failing to provide him with adequate medical care.

We affirmed the award of summary judgment regarding Browder's official capacity claims, but vacated the dismissal of his claims against the defendants in their individual capacity. *Browder v. Ankrom*, No. 06-6414 (6th Cir. Oct, 4, 2007). We remanded the case for further proceedings, reasoning that the dismissal of these claims was premature because Browder was not required to plead administrative exhaustion in his complaint. *See Jones v. Bock*, 549 U.S. 199, 211–12 (2007).

In 2008, the district court awarded summary judgment to Ankrom. Browder filed a timely appeal, but his appeal was dismissed for lack of prosecution. *Browder v. Ankrom*, No. 08-6048 (6th Cir. Oct. 24, 2008).

In 2011, Estes and Buchanan filed a new summary judgment motion alleging that Browder had not exhausted his administrative remedies by appealing his grievances to the head jailer. The district court granted that motion and dismissed the case on August 25, 2011. A subsequent motion for reconsideration was denied, and Browder filed a timely appeal on November 18, 2011.

The defendants argue that this appeal is untimely because it was filed more than thirty days after the district court's judgment. However, Browder filed a timely motion for reconsideration and the court did not deny that motion until November 14, 2011. Thus, his appeal was timely filed. *See* Fed. R. App. P. 4(a)(4)(A). The defendants also argue that Browder did not perfect his appeal because the notice of appeal referred to the order that denied his motion for reconsideration. This argument is unavailing because an appeal from a post-judgment order may extend to the underlying judgment. *See United States v. Grenier*, 513 F.3d 632, 635 (6th Cir. 2008).

We review an award of summary judgment de novo. *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Browder has not pointed to any evidence that might create a jury issue on the question whether he fully exhausted his administrative remedies by filing an appeal with the head jailer.

Hence, the district court properly awarded summary judgment to Estes and Buchanan because Browder failed to comply with the administrative exhaustion requirement of 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 83–85 (2006); *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009).

Browder argues that the defendants should not have been allowed to file a new motion for summary judgment based on the lack of exhaustion because the district court had ruled, in April 2005 and August 2006, that his claims were exhausted. He argues that the defendants' only remedy was to file a motion to vacate the court's prior orders. *See generally* Fed. R. Civ. P. 60(b). However, the cited orders did not resolve the defendants' well-supported assertion that Browder had failed to file the required administrative appeals with the head jailer. Consequently, the defendants were free to file a motion for summary judgment that raised a new ground for relief. *See United States v. Graham*, 327 F.3d 460, 464 (6th Cir. 2003).

Finally, Browder summarily asserts that he seeks "review of all orders issued by the district court since remand of October 2007." However, we are not required to scour the record for potential arguments on his behalf. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The district court's judgment is affirmed.