**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0106n.06**
**Filed: February 14, 2005**

**No. 03-5397**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **On Appeal from the United States** |
| **Plaintiff-Appellee,** | **District Court for the Western District of** |
| | **Kentucky, At Bowling Green.** |
| **v.** | |
| **DANNY WAYNE JOINER,** | |
| **Defendant-Appellant.** | |

---

**Before: BOGGS, Chief Circuit Judge; KENNEDY and MARTIN, Circuit Judges.**

KENNEDY, Circuit Judge. Defendant Danny Joiner pled guilty to: (1) attempting to manufacture and possess, with intent to distribute, five grams or more of methamphetamine in violation of 21 U.S.C. § 846, the object of which was the commission of an offense in violation of 21 U.S.C. § 841(b)(1)(B); (2) brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) possessing five firearms while using or being addicted to methamphetamine in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court sentenced the Defendant to the mandatory minimum of five years on the drug count under 21 U.S.C. § 841(b)(1)(B), and five consecutive years on the firearm count under 18 U.S.C. § 924(c)(1)(A)(i), for a total of ten years of imprisonment.

1

The Defendant appeals his sentence on the ground that the district court erred in calculating his base offense level on the drug count under United States Sentencing Guidelines section 2D1.1(c)(7). Because a number of different drugs were seized at Joiner's home in this case, the district court converted each to its marijuana equivalent to determine Joiner's base offense level under section 2D1.1. Joiner argues that the district court should not have included the 542 pseudoephedrine and ephedrine tablets (having a collective marijuana equivalent weight of 148 kilograms) in calculating his base offense level because, he argues, there was no proof that he intended to use the tablets in the production of methamphetamine.

Even assuming that the district court erred by including the tablets in its calculation, we find that such an error would not affect the Defendant's sentence. The Defendant was sentenced to the mandatory minimum of five years prescribed by 21 U.S.C. § 841(b)(1)(B) for attempting to manufacture and possess, with intent to distribute, five grams or more of methamphetamine. The exclusion of the tablets would not affect his sentence on this count since the amount of actual methamphetamine he had in his possession was 6.235 grams, which by itself exceeds the minimum of 5 grams required under the statute.

Furthermore, the Supreme Court's recent decision in *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), does not compel resentencing in this present case. The *Booker* Court held that the Sentencing Guidelines were unconstitutional as applied, and, in order to remedy the constitutional defect, severed and excised 18 U.S.C. § 3553(b)(1), thus making the Guidelines only advisory. *Id.* at 765. The Court expressly noted that its remedial holding was to be applied in all cases, such as this one, on direct review when *Booker* was decided. *Id.* at 769. In this case, since

2

Joiner was sentenced to the mandatory minimum prescribed by the *statutes* to which he pled guilty, the application of *Booker* could not result in a decreased sentence. The mandatory minimum sentence for Joiner's offenses was ten years of imprisonment, given the five-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), and the five-year consecutive sentence added under 18 U.S.C. §924(c)(1)(A)(i) ("[A]ny person who, during and in relation to any . . . drug trafficking crime . . . possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years."). Thus, even under the post-*Booker* sentencing scheme, the Defendant would not be entitled to a lower sentence. The mandatory Guidelines had no effect on the sentence he received. His sentence was statutorily required by his pleas of guilty.

Accordingly, the judgment of the district court is AFFIRMED.