[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2006
THOMAS K. KAHN
CLERK

No. 05-14220
Non-Argument Calendar
_____

D. C. Docket No. 04-00031-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO BARRAGAN-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 30, 2006)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Alejandro Barragan-Sanchez (Sanchez) appeals his mandatory minimum 120-month sentence, imposed after he pled guilty to conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, he argues that mandatory minimum sentences conflict with the sentencing purposes of 18 U.S.C. § 3553(a) and are unconstitutional in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). For the reasons set forth more fully below, we affirm.

Sanchez pled guilty to the aforementioned charge before a magistrate and admitted to, inter alia, being the half-owner of eight kilograms of cocaine sometime during January 2003. The magistrate accepted Sanchez's plea as knowing and voluntary.

A presentence investigation report (PSI) set Sanchez's offense level at 32 based upon a finding of between 1,000 and 3,000 kilograms of marijuana equivalency, U.S.S.G. § 2D1.1(c)(3). Sanchez received a two-level enhancement for being a manager or supervisor in the criminal activity. Next, Sanchez was given a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b), for a total offense level of 31. Sanchez was found to be at criminal history category II, which at offense level 31, provided for a guidelines range of 121-151 months' imprisonment. The mandatory minimum sentence was

2

10 years, or 120 months, pursuant to 21 U.S.C. § 841(b)(1)(A).

Sanchez objected to the two-level role enhancement, and also argued that the sentencing guidelines were unconstitutional in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Sanchez also requested that, rather than being sentenced at the low-end of the guidelines, 121 months, he be sentenced to 120 months' imprisonment, the mandatory minimum. The government supported Sanchez's request, noting that a 120-month sentence would avoid any issues under Blakely. The court declined the invitation, and sentenced Sanchez to 121 months' imprisonment.

While Sanchez's case was pending on appeal, the Supreme Court issued its decision in United States v. Booker, rendering the guidelines advisory instead of mandatory, and the government filed a motion requesting that the district court certify that a remand was warranted in order to correct the error and resentence Sanchez. The district court granted the motion, and issued an order stating that it was inclined to resentence Sanchez. Subsequently, this Court granted the government's motion for a remand for resentencing.

At resentencing, Sanchez, in order to preserve the record, requested that the district court sentence him below the 120-month mandatory minimum, arguing that mandatory minimum sentences violated the Fifth, Sixth, and Eighth Amendments

3

in light of <u>Booker</u>.  The district court stated that it was bound by precedent and that, but for the guidelines, it probably would have sentenced Sanchez to the mandatory minimum.  Accordingly, Sanchez's sentence was reduced one month to 120 months' imprisonment, the statutory minimum.

On appeal, Sanchez concedes that we previously have upheld the constitutionality of mandatory minimum sentences in drug cases, including after <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but argues that, post-<u>Booker</u>, mandatory minimum sentences now infringe on a judge's discretion and duty to impose a sentence sufficient, but not greater than necessary, to achieve the sentencing goals based upon 18 U.S.C. § 3553(a).  Sanchez argues that some sentences below mandatory minimums are sufficient, but not greater than necessary, to achieve sentencing purposes under § 3553(a), and, therefore, mandatory minimums create a conflict between <u>Booker</u>'s remedial scheme and federal sentencing law.  Thus, Sanchez argues that the rule of lenity requires this Court to proceed in a manner that favors defendants and permit § 3553(a) to "trump" mandatory minimum sentences, thereby permitting courts to take the minimum into account, but sentence below what, in essence, would be an advisory minimum sentence.

We review constitutional challenges to a sentence <u>de novo</u>.  <u>United States v.</u>

4

Chau, 426 F.3d 1318, 1321 (11th Cir. 2005).  To the extent the question raised is one of statutory interpretation, review is also de novo.  United States v. Searcy, 418 F.3d 1193, 1195 (11th Cir. 2005), cert. denied, (U.S. Jan. 9, 2006) (No. 05-7922).

In Booker, the Supreme Court explicitly reaffirmed its holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 543 U.S. at ___, 125 S.Ct. at 756.  In a second, remedial opinion, the Court held that the guidelines were no longer mandatory, but advisory, and district courts should take the guidelines into account when considering all of the sentencing factors set forth at 18 U.S.C. § 3553(a).  Id. at ___, 125 S.Ct. at 764, 767-69.  Nothing in Booker, however, eliminated or declared unconstitutional mandatory minimum sentences as provided for by Congress in drug crimes.

Pre-Booker and Apprendi, we upheld the constitutionality of mandatory minimum sentences, noting that, "within the congressionally established range for sentences, nothing in section 841(b)(1) restricts the discretion of a sentencing judge in fashioning an individualized sentence in light of the specific facts of the offense and history of the offender." United States v. Holmes, 838 F.2d 1175,

5

1177 (11th Cir. 1988) (rejecting argument that mandatory minimums violate due process). Post-Apprendi, the Supreme Court upheld the constitutionality of mandatory minimum sentences. Harris, 536 U.S. at 568-69, 122 S.Ct. at 2420. The Supreme Court in Booker made no mention of Harris, nor has it overruled it since.

Accordingly, while it is possible that Booker's remedial scheme could implicate mandatory minimum sentences in the future, until the Supreme Court holds that mandatory minimums violate the Fifth and Sixth Amendments of the Constitution, we are obliged to continue following Harris as precedent. As we recently stated:

> It is not given to us to overrule the decisions of the Supreme Court. We have stated repeatedly, and with respect to the very issue presented in this appeal, that 'we are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court.' This is so even if we are convinced that the Supreme Court will overturn its previous decision the next time it addresses the issue.

United States v. Gibson, No. 04-14776, manuscript op. at 22-23 (11th Cir. Jan. 4, 2006) (holding that, while wounded, the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998) remains binding precedent) (citations omitted). Thus, unless and until the Supreme Court holds that mandatory minimum sentences violate the Constitution, Sanchez's

6

argument lacks merit.[1]  See also United States v. Shelton, 400 F.3d 1325, 1333

n.10 (11th Cir. 2005) ("[w]e emphasize that the district court was, and still is,

bound by the statutory minimums.").

Lastly, to the extent that Sanchez is arguing that mandatory minimums

conflict with the statutory sentencing duties of a court under 18 U.S.C. § 3553(a),

this argument lacks merit.  Congress specifically granted district courts the

authority to sentence below a prescribed mandatory minimum sentence in limited

circumstances, such as where a defendant provides substantial assistance to

authorities, or in the case of a defendant with little to no criminal history who

meets other criteria.[2]  See 18 U.S.C. §§ 3553(e) and (f).  The fact that Congress has

chosen to set a sentencing floor for drug crimes does not conflict with § 3553(a),

but rather provides a starting point for sentencing.  As the Supreme Court noted in

Harris, judicial discretion may be channeled when certain findings are made, and in

the instant case, Sanchez admitted to the drug amount triggering his mandatory

---

[1] It is noted as well that Sanchez admitted during his plea colloquy to the amount of drugs used to trigger the mandatory minimum sentence of 120 months', precluding any possible Booker constitutional error, and was resentenced under the advisory guidelines scheme, precluding any possible statutory error.

[2] The government urges us to apply the doctrine of expressio unius est exclusio alterius (mention of one thing implies the exclusion of the other).  This is one method of statutory construction, but does not carry the rule or force of law.  See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1312-13 (11th Cir. 2005).  While the government's argument may have merit, we decline to address the issue at this time.

7

minimum.  See Harris, 536 U.S. at 567, 122 S.Ct. at 2419.  While mandatory minimum sentences are open to criticism, such as the failure to take into account the unique circumstances of certain offenders, these issues and questions are best left to Congress.  Id. at 568-69, 122 S.Ct. at 2420.

Based on the foregoing, we affirm Sanchez's 120-month sentence, which was required by statute.

**AFFIRMED.**