NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 06a0293n.06

Filed: April 27, 2006

NO. 05-3422

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FORREST H. SMITH, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and McKEAGUE, Circuit Judges, and McCALLA,[*] District Judge.

McCalla, District Judge. Defendant Forrest H. Smith appeals his sentence imposed by the district court following a plea of guilty to four counts: (1) conspiracy to distribute and possess with intent to distribute over 50 grams of cocaine base (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846); (2) distribution of over 50 grams of cocaine base (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii)); (3) possession with intent to distribute more than 5 grams of cocaine base (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii)); and (4) carrying a firearm in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)). The district court imposed the statutory mandatory minimum sentence of 120 months'

_____

[*] The Hon. Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

-1-

imprisonment on the drug conspiracy, distribution, and possession counts, to be served concurrently, and the mandatory consecutive sentence of 60 months' imprisonment under 18 U.S.C. § 924(c).

Smith raises four issues on appeal: (1) the district court erred by denying his request for a downward departure on the basis that his criminal history category overrepresented the seriousness of his past criminal conduct; (2) the district court failed to recognize its authority to depart from the advisory sentencing guidelines under Booker; (3) the government refused to file a substantial assistance motion in bad faith; and (4) the 100:1 ratio for sentences for offenses involving crack cocaine versus those involving powder cocaine is unconstitutional.

For the reasons set forth below, we AFFIRM.

## Background and Procedural History

Smith and two companions were arrested on July 26, 2004, following Smith's sale of 118 grams of cocaine base to a cooperating witness working with the federal Ohio Valley Drug Task Force. After their arrest, the police searched the car in which the sale had transpired and found approximately eight grams of cocaine base on the center console and a revolver on the floor of the back seat, where Smith had been sitting. Smith and his codefendants were indicted on August 19, 2004, in the Southern District of Ohio. Smith entered a plea of guilty to all counts in the indictment on December 13, 2004. The government did not file a substantial assistance motion, and there was no plea agreement.

The district court determined that the appropriate sentencing guidelines range on the drug counts was 121 to 151 months' imprisonment, which reflected an offense level

of 29 and a criminal history category of IV.  The court sentenced Smith to the statutory mandatory minimum of 120 months' imprisonment on the drug conspiracy, distribution, and possession counts, to be served concurrently, and to the mandatory consecutive sentence of 60 months' imprisonment on the firearm count.  Smith's total term of imprisonment is 180 months.

## Discussion

Smith's first argument on appeal is that the district court should have granted his request for a downward departure on the basis that his criminal history category overrepresented the seriousness of his past criminal conduct.  The United States Sentencing Guidelines permit a downward departure from the guideline sentence range when a defendant's criminal history category significantly overrepresents the seriousness of his criminal history or the likelihood that he will commit other crimes.  U.S. SENTENCING GUIDELINES MANUAL § 4A1.3 (2004).  This Court has "consistently held that the decision by a district court not to depart downwards from the Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." United States v. Butler, 207 F.3d 839, 843 (6th Cir. 2000).  In this case, the record reflects that the district court was aware of its authority to depart downwards, but declined to do so for the reasons explained at sentencing.  Accordingly, we do not have jurisdiction to review the district court's determination.

Smith next contends that the district court failed to recognize its authority to impose a sentence below the applicable guideline range pursuant to the Supreme Court's recent holding in United States v. Booker, 543 U.S. 220 (2005).  To the contrary,

the record indicates that the district court explicitly recognized that under Booker, the sentencing guidelines are advisory and not mandatory. Moreover, the district court did in fact depart downwards from the guidelines range of 121 to 151 months and imposed concurrent sentences of 120 months' imprisonment on the drug counts. Finally, as the district court correctly noted, Booker did not give the district court the authority to impose a sentence below the statutory mandatory minimum, which was 120 months on the drug counts and a consecutive sentence of 60 months on the firearm count. This Court has made clear that when a defendant is sentenced to the statutory mandatory minimum, "the application of Booker could not result in a decreased sentence." United States v. Joiner, 123 Fed. Appx. 681, 683 (6th Cir. Feb. 14, 2005); see also United States v. Johnson, 129 Fed. Appx. 966, 972 (6th Cir. May 5, 2005). Since Smith received the mandatory minimum sentences prescribed by statute, Booker does not apply.

While he does not raise it as a separate issue in his brief, Smith also challenges the government's alleged bad faith refusal to file a substantial assistance downward departure motion. The district courts do not have the authority to review the government's refusal to file a substantial assistance motion upon a defendant's allegation of bad faith. United States v. Moore, 225 F.3d 637, 641 (6th Cir. 2000). They have the authority to review the government's refusal to file a substantial assistance motion only "if they find that the refusal was based on an unconstitutional motive" such as the defendant's race or religion. United States v. Rashid, 274 F.3d 407, 418 (6th Cir. 2001)(quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)). Because Smith has not alleged – either on appeal or before the district court – that the government was

motivated by an unconstitutional motive in failing to file a downward departure motion, we do not have the authority to review this argument on appeal.

Finally, Smith argues that the 100:1 ratio used to determine sentences for crack cocaine offenses violates the constitutional guarantees of equal protection and due process as well as state and federal civil rights laws. This argument does not provide Smith a basis upon which to appeal his sentence, as it is well established that the 100:1 ratio is constitutional. See, e.g., United States v. Blair, 214 F.3d 690, 702 (6th Cir. 2000); United States v. Hill, 79 F.3d 1477, 1488-89 (6th Cir.1996).

For the reasons set forth above, we AFFIRM Smith's sentence.