*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0346p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

Nos. 05-2539/2680
UNITED STATES OF AMERICA,
            *Plaintiff-Appellee/Cross-Appellant,*

v.

MARCUS FRANKLIN,
            *Defendant-Appellant/Cross-Appellee.*

Nos. 05-2539/2680/2693

No. 05-2693
UNITED STATES OF AMERICA,
            *Plaintiff-Appellant,*

v.

JAMAAL CLARKE,
            *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 02-90037—Marianne O. Battani, District Judge.

Argued: July 18, 2007

Decided and Filed: August 28, 2007

Before: MOORE and GILMAN, Circuit Judges; FORESTER, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Sarah Resnick Cohen, UNITED STATES ATTORNEY, Detroit, Michigan, for Plaintiff. Douglas R. Mullkoff, Ann Arbor, Michigan, Robert M. Jensen, LAUFMAN, JENSEN & NAPOLITANO, Cincinnati, Ohio, for Defendants. **ON BRIEF:** Sarah Resnick Cohen, UNITED STATES ATTORNEY, Detroit, Michigan, for Plaintiff. Douglas R. Mullkoff, Ann Arbor, Michigan, Robert M. Jensen, LAUFMAN, JENSEN & NAPOLITANO, Cincinnati, Ohio, for Defendants.

---

[*] The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

FORESTER, D. J., delivered the opinion of the court, in which GILMAN, J., joined. MOORE, J. (pp. 9-11), delivered a separate opinion concurring in the judgment.

————————————

**OPINION**

————————————

KARL S. FORESTER, District Judge.  Marcus Franklin ("Franklin") and Jamaal Clarke ("Clarke") were convicted of various bank robbery charges in 2003.  We affirmed their convictions in *United States v. Franklin*, 415 F.3d 537 (6th Cir. 2005), but remanded for re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005).  Following re-sentencing, Franklin again appealed, arguing that his re-sentencing violated his Sixth Amendment right to fact finding by a jury.  We disagree based on Sixth Circuit precedents.  The United States has appealed the re-sentencings of both Franklin and Clarke, arguing that the new sentences are unreasonable on two grounds.  First, the United States claims that the district court improperly considered the impact of a mandatory, consecutive sentence when determining the reasonableness of the sentences under *Booker*.  Second, it claims that the district court imposed substantively unreasonable sentences based upon its misinterpretation of this Court's prior opinion in the case.  We agree with the United States, **VACATE** the sentences, and **REMAND** for re-sentencing.

## I.  BACKGROUND

For one year, Franklin was an employee of Guardian Armored Services, which operated ATM machines and armored trucks in Detroit, Michigan.  He left to enter the Detroit Police Academy.  While with the Academy, he enlisted the help of other Guardian employees to rob two ATM machines and attempted to rob a third one.  While with the Detroit Police Department, Franklin joined with Clarke to rob a Guardian armored truck at gunpoint and take away $754,968.  During the robbery, Franklin pointed a gun at the driver's head, Clarke hit the driver over the head with a gun, and they both locked the driver in the cage area of the truck.  *Franklin*, 415 F.3d at 541-542.

Following a ten-day trial, a jury convicted Franklin of attempted bank larceny, two counts of bank larceny, conspiracy to commit bank robbery, bank robbery, and brandishing a firearm during and in relation to a crime of violence.  In the same trial, the jury convicted Clarke of conspiracy to commit bank robbery, bank robbery, and brandishing a firearm during and in relation to a crime of violence.  At the first sentencing, the court calculated Franklin's guideline range at 97 to 121 months and Clarke's range at 70 to 87 months.  The court sentenced Franklin to 97 months, plus a mandatory consecutive 84-month sentence, and Clarke to 70 months, plus a mandatory consecutive 84-month sentence.

On appeal, Franklin and Clarke challenged the upward adjustments to their sentences under the Guidelines.  This court affirmed their convictions, but remanded the cases for re-sentencing under *Booker*.  *Franklin*, 415 F.3d at 537.  In remanding, the opinion specifically identified and criticized the enhancements applied to determine the guideline ranges for Franklin and Clarke.  Regarding Franklin's enhancements, the opinion said:

> The upward adjustments were plainly erroneous under *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005).  Solely on the basis of its own fact-finding, the district court added 2 points for physically restraining a victim during the armed robbery, 2 points for being an organizer or leader, and 3 points for causing a loss in excess of $250,000.  Having applied these adjustments, the district court concluded it was required to sentence Franklin to at least 97 months.  But the maximum offense level authorized by the jury's verdict is 26, which, because of Franklin's criminal history

category of I, would support a sentence of no more than 78 months. ... In any event, even if we did not think the upward adjustments conflicted with the Sixth Amendment as interpreted in *Booker*, we would still be required to remand Franklin's case for re-sentencing under *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005).

*Id.* at 557-558. Similarly, the opinion identified the enhancements for Clarke and said:

Consequently, Clarke's final offense level was 27, which placed him in a sentencing range of 70 to 87 months since his criminal history category was I. The district court sentenced him to 70 months, the minimum under the range, to precede the mandatory 7 year sentence for this conviction under 18 U.S.C. § 924(c)(1)(A)(ii). Without the upward adjustments, which were based solely on judge-found facts and which resulted in a sentencing range the judge thought was required, Clarke's sentencing range would have been 41 to 51 months.

*Id.* The opinion concluded: "Clarke is entitled to re-sentencing for the same reasons that Franklin is." *Id.*

Following remand, Franklin and Clarke were scheduled to be re-sentenced on September 21, 2005. At that hearing, the district court said it intended to strike all enhancements, except the enhancement for theft of property belonging to a financial institution, because it understood under *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Blakely*, 542 U.S. 296 (2004), that the facts supporting the enhancements must be proven and found beyond a reasonable doubt by a jury. J.A. at 268-270.

When the government objected, the court said: "You would agree, however, that the Court of Appeals has directed me not to include those items that you are addressing, that is the enhancements." J.A. at 272. When the government said that the first step in a post-*Booker* analysis is to calculate the Guidelines under a preponderance of the evidence standard, and then determine whether that range is appropriate, the court said: "I don't disagree with you that that's the way it should be. I just have a problem with this opinion." J.A. at 273. "So it's telling me that they thought the upward adjustments did in fact conflict with the Sixth Amendment, as interpreted in *Booker.*" J.A. at 274. The court continued: "And I do think that the Sixth Circuit in this particular case sent it back to me with the idea that I ... probably should not use these enhancements unless they've been found beyond a reasonable doubt. That is the direct implication I get from the reading of this case." J.A. at 279. The court further said: "I'm going to tell you that I will consider the lower 51 to 63 guidelines because of the mandatory seven years." J.A. at 280. The government requested an adjournment to allow time to brief the issues, and Franklin's re-sentencing was rescheduled for October 26, 2005. Because Clarke's counsel had a conflict, Clarke's re-sentencing was rescheduled for Monday, October 31.

At Franklin's second re-sentencing hearing, the district court calculated the guideline range as it had previously, resulting in a range of 97 to 121 months. J.A. at 302. The court considered defense counsel's request for a downward variance because Franklin was a police officer, which might cause problems in prison, and because of his alleged rehabilitation while in prison. The court noted that the fact he was a police officer could support an upward variance. The court also said his rehabilitation in prison is what the court expects, and that it was not a basis for a downward variance. J.A. at 303. After reviewing the § 3553(a) factors, the court said:

The Court is going to grant a downward departure, not because of the reasons that you have given me, because I don't believe in those reasons. But I'm going to grant a downward departure to some extent because I feel that adding on a mandatory

seven years truly inflates the sentence that would adequately serve the social purpose, and therefore I am going to reduce it to a sentence which I think is sufficient but not greater than necessary to achieve the broad social, societal purposes that we have as we've gone over in sentencing.

J.A. at 306. The court then sentenced Franklin to 63 months, based on a four-level decrease, and said: "I note the Court of Appeals had come up with a 26, and when I was looking at the amount of time, I thought it was appropriate. I thought this coincidentally had coincided with that and that would be sufficient to use those numbers." J.A. at 306-307. The 84-month sentence was imposed consecutively.

At Clarke's second re-sentencing hearing a few days later, the court arrived at an offense level of 27 and criminal history of I, for a guideline range of 70 to 87 months. J.A. at 324. In considering the statutory factors, the district court noted that the offense "is a very serious crime. It's particularly serious because in this case, Mr. Clarke, you assaulted somebody and an individual was put in harm's way and he now has to live with that for the rest of his life." *Id.* The court noted that Clarke had "a wonderful background," but also noted that "[t]his was a planned crime." J. A. at 325. The court said it was not using Clarke's success in prison programs to decrease his sentence "because I expect people who go to prison to do well." *Id.* Regarding the seriousness of the offense, the court said "this sentence, particularly the seven year consecutive enhancement, as set forth by our legislature, indicates how serious this type of offense is and that there must be just punishment for these types of offenses." J.A. at 326. The court then said that the "3553 factors require a downward departure." J.A. at 327. It continued:

The Court of Appeals has suggested that 41 to 51 months is a sentence which this Court should have considered. As I indicated before, I think they were kind of working with that as an initial reaction to Booker.

But in looking at how much the Court should depart downward in order to satisfy this broad social purpose, the Court determines that those are adequate numbers and will depart to a level 22.

The Court, however, is not going to go to the bottom of that level 22 for you because of the fact that you actually attacked somebody with this weapon.

J.A. at 327-328. Clarke's second sentence was a term of imprisonment of 48 months with a consecutive term of 84 months for violation of § 924(c).

## II. ANALYSIS

### A.     Standard of Review

This court reviews sentences under a reasonableness standard. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). "We review sentences for both procedural reasonableness and substantive reasonableness." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007). "A sentence may be procedurally unreasonable if the district judge fails to consider the applicable guideline range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id.*, quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). "In addition, a sentence may be substantively unreasonable 'when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *Id.*

**B.    Franklin's Appeal**

Franklin argued in his appeal brief that his sentencing enhancements resulted from improper judicial fact finding in violation of his Sixth Amendment right to trial by jury. At oral argument, however, counsel agreed that the Sixth Circuit rejected such a claim in *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005) ("*Booker* did not eliminate judicial fact-finding"), and *United States v. Coffee*, 434 F.3d 887, 898 (6th Cir. 2006) ("*Booker* did not eliminate judicial factfinding. Instead, the remedial majority gave district courts the option, after calculating the guideline range, to sentence a defendant outside the resulting guideline range"). Counsel raised the argument to preserve it in the event the Supreme Court revisits the issue. As counsel recognized, we are bound by controlling decisions of other panels. *Salmi v. Secretary of Health and Human Services*, 774 F.2d 685, 689 (6th Cir. 1985). Accordingly, Franklin's claim is denied.

**C.    Guideline Reduction Because of Mandatory, Consecutive Sentence**

The United States argued that the district court, in determining the appropriateness of the particular sentences to be imposed, was impermissibly influenced by the impact of the mandatory seven-year sentences for brandishing a firearm in violation of 18 U.S.C. § 924(c). In support, the United States relied on the district court's comments at the several re-sentencing hearings and its grant of a downward variance on the underlying offenses. When re-sentencing Franklin, the court expressly said it was granting "a downward departure to some extent because I feel that adding on a mandatory seven years truly inflates the sentence...." J.A. at 306. The court granted Franklin a downward variance of 34 months (35 percent below the minimum guideline range), not based upon § 3553(a) factors, but based upon its determination that the overall sentence was excessive in light of the mandatory consecutive seven-year sentence required by Congress.

When re-sentencing Clarke just a few days later, the court said: "Certainly this sentence, particularly the seven year consecutive enhancement, as set forth by our legislature, indicated how serious this type of offense is and that there must be just punishment for these types of offenses." J.A. 326. The court thus considered the mandatory sentence in addition to the § 3553(a) factors. It rejected the arguments Clarke offered for a reduction in his sentence, but then reduced the sentence 22 months below the minimum guideline range. J.A. 325. Although the court did not repeat at that time that the variance was based on the mandatory sentence, the two sentencings were within just a few days of each other.

It is the government's position that the district court's remarks reflect an improper aggregation of the guideline range and the § 924(c) mandatory sentence. It argues that, by considering the reasonableness of the total sentence (including the mandatory sentence) under § 3553(a), the court nullified congressional intent that a § 924(c) offense should stand alone and should be served consecutively with, and in addition to, the sentence for any other offense. Under these circumstances, the United States contends that the downward variances and the resulting sentences for Franklin and Clarke are substantively unreasonable because they are based upon an impermissible factor, and they disregard the intent of Congress.

Section 924(c)(1)(A) of Title 18 provides that "any person who, during and in relation to any crime of violence ... uses or carries a firearm ... shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years...." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(D) provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D). The term "shall" is not permissive; it is mandatory. *Citizens Coal Council v. U.S. E.P.A.*, 447 F.3d 879, 921 (6th Cir. 2006); *Lopez v.*

*Davis*, 531 U.S. 230, 241 (2001) ("a mandatory 'shall' ... imposes[s] discretionless obligations"). This statutory language reflects the intent of Congress that the § 924(c)(1) sentence must be imposed "in addition to" a reasonable guideline range sentence.

The Guidelines also instruct that a sentence for a count with a mandatory consecutive sentence is to be imposed "independently" of other counts. U.S.S.G. § 5G1.2(a), (b) and cmt. n. 2. The Sixth Circuit has recognized that mandate. "When § 5G1.2(a) states that sentences on such crimes are 'to run consecutively to any other term of imprisonment,' it means precisely that." *United States v. Graham*, 327 F.3d 460, 465-466 (6th Cir. 2003).

> If the sentence on the count carrying a mandatory consecutive sentence were accumulated with other sentences for purposes of reaching the total punishment under § 5G1.2(d), Congress's specific statutory requirement that the sentence be imposed independent of any other sentence and run consecutive to any other sentence would have little meaning.

*Id.* at 465. In *Graham*, the mandatory § 924(c)(1) consecutive sentences of twenty years and five years for carrying a firearm could not be considered when determining the "total punishment" for purposes of stacking consecutive sentences. *Id.* at 466 ("The sentences on Counts 13 and 14 could not count toward that total punishment....").

Likewise, in *United States v. Washington*, 199 Fed. Appx. 521 (6th Cir. 2006), we rejected an argument that "it was unreasonable for the district court to consider a sentence for counts one and three separately from the mandatory consecutive sentence for count two." *Id.* at 523-524. Washington argued that his mandatory five-year sentence for carrying a firearm while drug trafficking was sufficient to comply with the sentencing purposes in § 3553(a), and that all three sentences should be considered together. This Court disagreed, noting that Congress mandated the § 924(c)(1) sentence be imposed "in addition to the punishment provided for such [a] ... drug trafficking crime." *Id.* at 524. If the sentence for the underlying offense were not considered separately, then "the mandate of the statute that the firearms charge carry a punishment that is 'in addition to' the appropriate punishment for the drug crime would not be fulfilled." *Id.* While Washington was arguing for zero punishment on his underlying offense, the result is the same if the Guidelines punishment is reduced in any way to compensate for a mandatory sentence. *Cf. United States v. Funk*, 477 F.3d 421, 430 (6th Cir. 2007) ("[A] district court making sentencing determinations may not implicitly reject Congress's policy decision to prescribe harsher penalties for career offenders by ignoring or outright rejecting a defendant's status as a career criminal offender.").

The mandatory additional sentence for a § 924(c) violation is no different in concept than the congressionally imposed mandatory minimums for drug offenses in 21 U.S.C. § 841(b). In *United States v. Joiner*, 123 Fed. Appx. 681 (6th Cir. 2005), we held that *Booker* was not applicable to a mandatory minimum drug sentence. "[S]ince Joiner was sentenced to the mandatory minimum prescribed by the *statutes* to which he pled guilty, the application of *Booker* could not result in a decreased sentence." *Id.* at 683. *See also United States v. Whitehead*, 415 F.3d 583, 590 (6th Cir. 2005), quoting *United States v. Johnson*, 129 Fed. Appx. 966, 972 (6th Cir. 2005) ("*Booker* does not apply when the defendant has been sentenced to the mandatory minimum"). The rationale prohibiting the reduction of a mandatory minimum sentence through § 3553(a) likewise prohibits accomplishing that same impermissible result through the back door of reducing the Guidelines punishment to offset a statutory minimum sentence. When any downward variance of the guideline range is based upon the effect of a mandatory sentence, congressional intent is repudiated, just as if the mandatory sentence itself had been reduced.

Judge Moore's concurring opinion asserts that a district court's failure to consider a mandatory minimum sentence "would thereby violate § 3553(a)'s instruction to 'impose a sentence sufficient, *but not greater than necessary....*'" Slip Opinion, pp. 9-10. We respectfully disagree,

since § 3553(a) factors do not apply to congressionally mandated sentences. The Third Circuit rejected a similar argument that § 3553(a) factors should apply to § 924(c) or § 841(b) minimum sentences in *United States v. Kellum*, 356 F.3d 285 (3d Cir. 2004). Section 3551 begins the sentencing chapter as follows:

> *Except as otherwise specifically provided*, a defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of the circumstances of the case.

18 U.S.C. § 3551(a) (emphasis added). *Kellum* held that sentences imposed "pursuant to 18 U.S.C. § 924(c) and 21 U.S.C. § 841(b)(1)(A) clearly fit within the 'except as otherwise specifically provided' exclusion of § 3551(a)." *Kellum*, 356 F.3d at 289. The court noted that Congress expressly provided the limited authority for a court to impose a sentence below a statutory minimum through § 3553(e) and (f). "These two narrow exceptions are the only authority a district court has to depart below a mandatory minimum sentence...." *Id.* The effect of the concurring opinion here would be to read into the statute a third exception through § 3553(a). *See also United States v. Barragan-Sanchez*, 165 Fed. Appx. 758, 761 (11th Cir. 2006) ("[T]o the extent that Sanchez is arguing that mandatory minimums conflict with the statutory sentencing duties of a court under 18 U.S.C. § 3553(a), this argument lacks merit"); *United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007) ("Courts may not apply § 3553(a) to reduce a statutory mandatory minimum sentence").

In *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), the Seventh Circuit considered a case very similar to the one before us. Roberson faced a minimum guideline range of 46 months for bank robbery. When added to the mandatory 84-month sentence for a § 924(c)(1)(A) offense of brandishing a gun, the total was 130 months. The district court said:

> I find a 130 month sentence unreasonable on the facts of this case and contrary to the purposes of sentencing under § 3553. Because I have no power to adjust the 84 month consecutive sentence, I have no alternative but to adjust the 46 month guideline part of the sentence so that the sentence, as a whole, is reasonable.

*Id.* at 434. In reversing, the Seventh Circuit said:

> The judge thought that automatically adding 84 months to the sentence for the bank robbery in which the gun was used unreasonably limited her discretion. She is of course entitled to her view, but she is not entitled to override Congress's contrary view. The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which made the sentencing guidelines advisory, did not authorize district judges to ignore statutory sentencing ranges.

*Id.* at 434. The court continued: "We acknowledge the tension with section 3553(a), but that very general statute cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress." *Id.* at 436. We agree with the Seventh Circuit that "the judge should have picked a sentence for the bank robbery without regard for the fact that a gun had been used in it, and then tacked on 84 months." *Id.*

The Eighth Circuit reached a similar conclusion in *United States v. Gregg*, 451 F.3d 930 (8th Cir. 2006).

> Gregg argues post-*Booker*, a district court has discretion to determine whether the ultimate sentence imposed is reasonable and therefore may impose a non-Guideline sentence even when a portion of the sentence is the result of a mandatory minimum

sentence. ... This argument, however, is unavailing, because *Booker* does not relate to statutorily-imposed sentences.

*Id.* at 937.

Although *Booker* gave substantial discretion to the sentencing court to impose sentences below a mandatory maximum, nothing in *Booker* allows the court to negate the imposition of a mandatory minimum sentence. The sentencing court must determine an appropriate sentence for the underlying crimes without consideration of the § 924(c) sentence. "[T]he district court's disagreement with Congress as to what constitutes an appropriate sentence for a repeat offender of the kind described by U.S.S.G. § 4B1.1 is a policy matter, and not a permissible factor upon which to base a sentencing determination." *United States v. Funk*, 477 F.3d 421, 429 (6th Cir. 2007). A court "may not disregard a sentencing enhancement simply because the court disagrees with that enhancement as a matter of policy." *Borho*, 485 F.3d at 911.

Accordingly, we vacate Franklin's sentence of 63 months and Clarke's sentence of 48 months and remand for re-sentencing consistent with this opinion. The 84-month mandatory consecutive sentences imposed on Franklin and Clarke are affirmed.

**D.       Removal of Enhancements Based On Prior Opinion**

Although the district court clearly understood that the Guidelines were advisory and that it was free to deviate from them after full consideration of them and the statutory factors, the record reflects that the district court appeared unduly constrained by our prior opinion in this case. The district court's misapprehension regarding the manner of applying sentencing enhancements following *Blakely* and *Booker* is not unique. In *United States v. Gardiner*, 463 F.3d 445, 460 (6th Cir. 2006), we said: "The district court mistakenly believed that as a result of *Booker*, he could not enhance Gardiner's sentence on the basis of factors that were not determined by a jury beyond a reasonable doubt. Based upon that erroneous belief, the district court refused to apply the enhancements in the PSI." We held that Gardiner's sentence, which was calculated based upon a misapplication of the Supreme Court's holding in *Booker*, was erroneous and should be recalculated on remand.

The district court in the present case varied the factual scenario slightly, but with the same result. The court was persuaded to apply the enhancements, but then reduced the sentences to comply with the sentencing ranges recommended by this court without the enhancements. Based upon the court's comments during the first re-sentencing, its initial decision at the second re-sentencing hearing not to apply any enhancements, and its later remarks and variances at the second re-sentencing hearings, it appears that the court believed it was required to apply a sentence within the ranges suggested by this court's prior opinion, which ranges were without Guidelines enhancements. The district court also included in its Statement of Reasons for the variances for Franklin and Clarke: "Also to accomodate [sic] the court of appeals decision." [Supplemental filing on July 19 responding to this Court's request during oral argument]. We agree with the United States that the re-sentencings were misapplications of *Booker*, and the case should be remanded for re-sentencing in accordance with *Booker*. *Gardiner*, 463 F.3d at 461-462. Furthermore, the district court should not feel constrained in any way by our prior opinion in calculating appropriate sentences under the Guidelines. We, therefore, vacate Franklin's sentence of 63 months and Clarke's sentence of 48 months and remand that portion of the case to the district court for re-sentencing.

---

**CONCURRING IN THE JUDGMENT**

---

KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.  Although I agree that we should remand these cases back to the district court, I write separately because I believe that the majority unduly restricts the district court's discretion on remand.

## I. MANDATORY CONSECUTIVE SENTENCE

The majority concludes that the only way to vindicate Congress's intent in specifying a mandatory seven-year sentence for brandishing a firearm, *see* 18 U.S.C. § 924(c)(1)(A)(ii), is to require the district court to ignore the mandatory sentence, determine an appropriate sentence for the other convictions by means of the usual 18 U.S.C. § 3553(a) analysis, and then tack on seven additional years.  I disagree.  Absent the mandatory seven-year sentence, the district court would have discretion to determine a sentence anywhere between the statutory minimum and the statutory maximum—in this case, between zero and twenty years in prison for each defendant.  *See* 18 U.S.C. § 2113(a).  The mandatory sentence pursuant to § 924(c) adds seven years to both the statutory minimum and the statutory maximum, giving the district court discretion to determine a sentence in this case anywhere between seven and twenty-seven years for each defendant.  It would not repudiate Congressional intent to require simply that the district court apply the usual § 3553(a) analysis to sentence the defendants to between seven and twenty-seven years in prison; the district court could not sentence the defendants to less than the mandatory seven years in prison, and the district court would have the option of sentencing the defendants to up to seven more years in prison than it could otherwise.  This is just as plausible a means of vindicating the intent behind § 924(c) as is requiring the district court to ignore the mandatory seven years in reaching its decision on the other counts of a conviction.

More importantly, not only is it plausible that the sentencing statutes permit the district court to consider the effect of a mandatory sentence in reaching its ultimate sentencing determination, it is the only sensible interpretation.  The § 3553(a) factors require the district court to give at least some consideration to the total amount of time that a defendant will spend in prison.  For example, § 3553(a) instructs the sentencing court to consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C)—essentially, the need to "incapacitat[e]" the defendant, *see Rita v. United States*, --- U.S. ---, 127 S. Ct. 2456, 2463 (2007).  We have made clear that this consideration does not depend solely on the crimes for which the defendant is currently being sentenced, for which simply adding sentences together might be appropriate; it also depends in part on the history and characteristics of the defendant.  *See United States v. Wells*, 473 F.3d 640, 644-45 (6th Cir. 2007) ("Such egregious actions, *coupled with the lengthy history of escalating violent behavior by the defendant in his relatively short life*, highlight the need for the sentence of incarceration to reflect the seriousness of the offense and to protect the public from further crimes of this defendant." (emphasis added) (footnote omitted)).  Setting all other factors aside for the moment, if a district court determines that the history and characteristics of a particular defendant require incapacitation for a specific number of years, the majority's rule would require the district court to sentence the defendant to that number of years plus seven.  The district court would thereby violate § 3553(a)'s instruction to "impose a sentence sufficient, *but not*

*greater than necessary*" to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a), and for no reason other than to vindicate a formalistic reading of § 924(c).[1]

Consideration of other § 3553(a) factors would yield similar nonsensical results under the majority's rule. In *United States v. Younger*, No. 06-2159, 2007 WL 2088679 (6th Cir. July 19, 2007) (unpublished opinion), for example, we affirmed the district court's decision to vary upward from the Guidelines range based on the need to provide an appropriate rehabilitative sentence, a consideration required by 18 U.S.C. § 3553(a)(2)(D). Although the defendant's advisory Guidelines range was six to twelve months in prison, the district court reasoned that the defendant would benefit from a long-term inpatient substance abuse treatment program and accordingly sentenced him to twenty-one months in prison, the minimum sentence that permitted participation in the program. *Younger*, 2007 WL 2088679, at *1-*2. If the defendant in *Younger* also faced a mandatory seven-year sentence, however, the majority's rule would instruct the district court to sentence the defendant to twenty-one months in prison plus seven years, even though the additional nine months above the Guidelines range would be completely unnecessary in light of the mandatory seven-year sentence.

Allowing the district court to apply the usual § 3553(a) analysis to sentence Franklin and Clarke to between seven and twenty-seven years in prison would not negate the imposition of the mandatory seven-year sentence, as the majority asserts. It simply would recognize the reality that, in light of the various purposes of sentencing set forth in § 3553(a), a district court cannot determine an appropriate sentence for a defendant convicted on multiple counts simply by adding together what would be an appropriate sentence for each count.[2] I see no congressional intent in § 924(c) to ignore that reality, and I would therefore conclude that the district court did not err by considering the mandatory seven-year sentence in determining appropriate ultimate sentences for Franklin and Clarke.

## II.  EFFECT OF THE PRIOR SIXTH CIRCUIT OPINION

I am not as convinced as the majority that the district court "believed it was required to apply a sentence within the ranges suggested by this court's prior opinion." Maj. Op. at 8. In most respects, the district court's sentencing determination was an ideal example of what a district court should do at sentencing. At the initial resentencing hearing, the district court expressed some confusion over whether, in light of our previous opinion in this case, it had the authority to include enhancements based on judge-found facts in the advisory Guidelines ranges for Franklin and Clarke. The district court adjourned the hearing, researched the law, and clarified for itself that "since the guidelines are not mandatory that the [c]ourt may include any of the other factors by a preponderance, found by the court by a preponderance of the evidence." J.A. at 289 (Franklin 10/26/05 Resentencing Hr'g at 3). In the subsequent resentencing hearings for each defendant, the district court accurately calculated the applicable Guidelines range, permitted the defendant to make a statement, and carefully explained its consideration of each of the § 3553(a) factors. The court indicated that it would sentence each defendant below the applicable Guidelines range based on the

---

[1]The majority's reliance on 18 U.S.C. § 3551(a) is misplaced. All that § 3551(a) does is recognize that certain sentences—such as the mandatory seven-year sentence on the § 924(c) count—do not require consideration of the sentencing purposes set forth in § 3553(a). But § 3551(a)'s "[e]xcept as otherwise specifically provided" clause has no impact on the determination of the appropriate sentence for the other convictions. With respect to the other convictions involving bank robbery and bank larceny, the district court must follow § 3553(a)'s mandate "to impose a sentence sufficient, but not greater than necessary" to achieve the specified sentencing purposes, such as protecting the public from the defendant's further crimes. The majority's invocation of § 3551(a) is in effect a red herring.

[2]Notably, the Sentencing Commission itself has concluded that a district court cannot determine an appropriate sentence for a defendant convicted on multiple counts simply by adding together what would be an appropriate sentence for each count. *See* U.S. SENTENCING GUIDELINES MANUAL ch. 3, pt. D (setting forth the method for calculating the Guidelines range for a defendant convicted on multiple counts).

social purposes of sentencing, *see* J.A. at 306 (Franklin 10/26/05 Resentencing Hr'g at 20); J.A. at 327 (Clarke 10/31/05 Resentencing Hr'g at 17), and it is clear from context that the district court was referring to the purposes of sentencing outlined in § 3553(a). In all of these aspects, the district court's sentencing determination was a model of proper sentencing procedure.

However, as detailed by the majority, scattered comments by the district court make it unclear whether the court felt unduly constrained by our previous opinion in this case. It might be that the district court independently decided to sentence Franklin and Clarke to terms that happened to coincide with the Guidelines ranges mentioned in our previous opinion. Because the district court's scattered comments make this unclear, however, I would remand so that the district court could clarify its reasoning. *Cf. United States v. Wilms*, --- F.3d ---, 2007 WL 2077367, at *4 n.1 (6th Cir. July 23, 2007) ("[I]t is possible that the district court simply misspoke, stating that a rebuttable presumption applies but not actually applying a presumption that Wilms should be sentenced within the applicable Guidelines range. However, . . . we cannot ignore the district court's statements suggesting that it might have applied such a presumption."). Accordingly, I concur in the judgment insofar as it vacates the sentences of Franklin and Clarke to permit the district court to clarify its rationale.