NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0285n.06
Filed: April 15, 2009

No. 08-5400

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| GREGORY BANKS, JR., | ) | OPINION |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: GUY, GILMAN, and COOK, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Gregory Banks, Jr. was charged with two counts

of distributing crack cocaine, in violation of 21 U.S.C. § 841(a), after selling the drug to a

confidential informant while under police surveillance. He pled guilty and was sentenced to 60

months' imprisonment pursuant to the mandatory minimum established by 21 U.S.C.

§ 841(b)(1)(B)(iii). In this timely appeal, Banks argues that the district court erred by not departing

below the 60-month minimum sentence. He also challenges this court's established body of

precedent holding that the statutory crack-cocaine/powder-cocaine sentencing disparity is

constitutional. For the reasons stated below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In 2006, Banks sold 4.67 grams of crack cocaine to a confidential informant working with

the Covington, Kentucky police department. Banks later sold 6.54 grams of crack to the same

informant. A grand jury in the Eastern District of Kentucky indicted Banks on one count of distributing less than five grams of crack and on one count of distributing over five grams of crack, both in violation of 21 U.S.C. § 841(a). After initially pleading not guilty, Banks reconsidered and entered a guilty plea. The district court found Banks guilty on both counts of the indictment.

The Probation Office prepared a Presentence Report in conjunction with Banks's sentencing. After taking into account a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3.E1.1(b), Banks's total offense level was determined to be 21. Banks had a number of past convictions, resulting a criminal history category of III. Based on an offense level of 21 and a criminal history category of III, Banks's Guidelines range was determined to be between 46 and 57 months of imprisonment. But 21 U.S.C. § 841(b)(1)(B) sets a mandatory minimum sentence of 60 months for the second count.

Banks argued in his sentencing memoranda that the disparity between the penalties for crack-cocaine offenses and powder-cocaine offenses was greater than necessary to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a), and that the rule of lenity should apply to allow him to be sentenced below the statutory minimum sentence. The district court rejected these arguments. In March 2008, it sentenced Banks to 46 months' imprisonment on Count One (distribution of less than five grams of crack) and 60 months' imprisonment on Count Two (distribution of over five grams of crack). The sentences were set to run concurrently, resulting in a total term of imprisonment of 60 months. Banks filed a timely notice of appeal.

### III.  ANALYSIS

Banks argues on appeal that his sentence is based on an illogical distinction between crack and powder cocaine made by 21 U.S.C. § 841(b)(1)(B). As it stands, the statute dictates that a drug trafficker dealing in crack cocaine is subject to the same sentence as one dealing in 100 times more powder cocaine. The statute also establishes a mandatory minimum penalty of 60 months' imprisonment for the possession or distribution of more than 5 grams of crack cocaine. Banks reasons that this enhanced mandatory sentence is greater than necessary to promote the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

This court normally reviews sentencing decisions for reasonableness. *United States v. Booker*, 543 U.S. 220, 260-61 (2005). But the district court lacked discretion to sentence Banks to a term of imprisonment lower than the 60-month statutory minimum. *See United States v. Franklin*, 499 F.3d 578, 586 (6th Cir. 2007) ("Although *Booker* gave substantial discretion to the sentencing court to impose sentences below a mandatory maximum, nothing in *Booker* allows the court to negate the imposition of a mandatory minimum sentence."); *United States v. Wheeler*, 535 F.3d 446, 458 (6th Cir. 2008) (holding that the district court was bound to impose the mandatory minimum sentence under 21 U.S.C. § 841, thus foreclosing any *Booker*, Sixth Amendment, or reasonableness arguments).

Moreover, this court has repeatedly rejected constitutional challenges to penalty provisions that treat crack cocaine more harshly than powder cocaine. *See, e.g.*, *United States v. Blair*, 214 F.3d 690, 702 (6th Cir. 2000); *United States v. Bingham*, 81 F.3d 617, 630-31 (6th Cir. 1996). Banks concedes that this is the current state of the law, but urges us to reexamine this court's previous rulings in light of the United States Sentencing Commission's 2007 amendments, which reflected the Commission's earlier findings that the disparity in punishments between crack cocaine and

powder cocaine offenses has an unfairly disproportionate impact on black defendants. *See* Amendments to the Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28571-28572 (May 21, 2007); United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy 8 (May 2007) ("The current severity of crack cocaine penalties mostly impacts minorities."). Pursuant to these findings, the 2007 amendments reduced the offense level associated with each quantity of crack by two levels. *Id.*

But the Supreme Court has held that those amendments "still produce sentencing ranges keyed to the mandatory minimums in the 1986 Act." *Kimbrough v. United States*, 128 S. Ct. 558, 569 n.10 (2007). Nothing about the Guidelines amendments or the *Booker/Kimbrough* line of cases, therefore, indicates that we should reexamine this court's past rulings on the constitutionality of § 841(b).

In sum, Banks cannot demonstrate that the district court erred in imposing the 60-month sentence. The district court lacked any discretion to issue a sentence below the statutory minimum, which has been repeatedly held constitutional by this court. We presume that Banks has raised this issue solely to preserve it for possible Supreme Court review. That he has accomplished, but nothing more.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.