NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0629n.06

No. 14-1572

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Dec 19, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| TIMOTHY IVORY CARPENTER, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GUY, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM. A federal jury convicted Timothy Carpenter of gun and robbery charges. He was sentenced to a total of 1,395 months' imprisonment. This court affirmed, *see United States v. Carpenter*, 819 F.3d 880 (6th Cir. 2016), but the Supreme Court reversed on Fourth Amendment grounds, *see Carpenter v. United States*, 138 S. Ct. 2206 (2018). On remand this court again affirmed Carpenter's conviction. *See United States v. Carpenter*, 926 F.3d 313 (6th Cir. 2019). Carpenter now petitions for rehearing based in part on intervening changes in the law applicable to his sentence. We grant the petition.

Carpenter argues that, in light of the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), the district court erred when it sentenced him for his robbery convictions without considering the 1,260-month mandatory-minimum sentence to which he was already subject. The district court presumably thought that it lacked discretion to consider Carpenter's mandatory-minimum sentence for that purpose, because the black-letter law of our circuit at that

time forbade the court from doing so.  *See United States v. Franklin*, 499 F.3d 578 (6th Cir. 2007).  But the Supreme Court has since held in *Dean* that district courts do have that discretion.  *See* 137 S. Ct. at 1176–77.  Thus, the district court's sentence was based in part on a legal error.  We will therefore vacate Carpenter's sentence to allow the district court to sentence him anew.  *Accord United States v. Person*, 714 F. App'x 547, 552–53 (6th Cir. 2017); *United States v. Williams*, 737 F. App'x 235, 242 (6th Cir. 2018).

Separately, we reject as meritless Carpenter's renewed argument that the district court should have granted his motion to suppress.  And our disposition of Carpenter's argument under *Dean* renders moot his argument that we should remand for resentencing in light of the First Step Act, Pub. L. No. 115–391, 132 Stat. 5194 (2018).

Carpenter's sentences are vacated, and his case is remanded for resentencing.  Our decision here does not vacate or otherwise affect our decision in *United States v. Carpenter*, 926 F.3d 313 (6th Cir. 2019).