NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0790n.06

No. 07-4161

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Dec 16, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| JESSIE MONGHAM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

**Before: GRIFFIN and KETHLEDGE, Circuit Judges; and CARR, District Judge.**[*]

**JAMES G. CARR, DISTRICT JUDGE**. Jessie Mongham appeals his conviction and sentence following a jury trial on multiple charges of armed bank robbery and brandishing a firearm while committing those robberies. Specifically, he argues: 1) he is entitled to a new trial because on redirect examination of a government witness and in rebuttal closing argument the prosecutor engaged in improper vouching; 2) his sentence is substantively unreasonable; and 3) the district court should not have imposed the statutorily mandated twenty-five year consecutive sentence for the second firearm conviction. For the reasons below, we **AFFIRM** the district court's judgment and sentence.

---

[*]The Honorable James G. Carr, Chief Judge of the Northern District of Ohio, sitting by designation.

1

## Background

A six-count indictment charged Jessie Mongham and two co-defendants, Ronald and Randall Sutton, with three armed bank robberies, in violation of 18 U.S.C. § 2113(a), and brandishing a firearm during the commission of each robbery, in violation of 18 U.S.C. § 924(c). Ronald Sutton entered into a plea agreement, admitting that he and his brother, Randall took part in several bank robberies with Mongham. Ronald Sutton testified for the government at Mongham's trial.

The robberies occurred on September 1, 2005, September 16, 2005, and October 4, 2005. Two tellers identified Mongham as one of the robbers in the September 1, 2005, robbery; one teller identified Mongham as one of the robbers in the October 4, 2005, robbery. Ronald Sutton testified that Mongham was involved in all three robberies and was the get-away driver in the September 16, 2005, robbery.

On cross-examination of Ronald Sutton, defense counsel questioned him about his plea agreement. Sutton responded affirmatively to defense counsel's question: "By your testifying against Jessie, you are going to receive or you hope to receive favorable sentencing; is that correct?" [Trial Tr. at 1-171]. After this exchange, the parties jointly moved the plea agreement into evidence.

The plea agreement Sutton signed provided, *inter alia*:

> [Sutton] agrees to co-operate fully with the United States, its agents and employees, in providing truthful and complete answers to all inquiries regarding the facts of this case . . . . If requested by the United States Attorney, such cooperation shall include appearances by [Sutton] as a witness before a Federal Grand Jury, State Grand Jury, at any trial and at any other court proceeding.

[Def. Dist. Ct. Tr. Ex. 2].

On re-direct examination, the prosecutor questioned Sutton about the terms of the agreement and his promise to testify truthfully:

Q. And defense kept referring to your agreement to testify against J.D. Do you recall that, his questions?

A. Yes.

Q. And, in fact, you were told specifically that you were to testify truthfully, correct?

A. Yes, sir.

Q. And completely?

A. Yes.

Q. Whatever that was?

A. Yes.

Q. Okay. Nobody ever told you to testify against J.D. or Randall, just testify truthfully?

A. Yes, sir.

Q. Okay. In fact, weren't you told specifically that if you failed to testify truthfully I'd prosecute you for perjury?

A. Yes, sir.

Q. Is your testimony today here before this jury, is that the truth?

A. Yes, sir.

The district court overruled defense counsel's objection at the end of this exchange. [Trial Tr. at 1-181]. At the end of Sutton's testimony, the court instructed the jury:

Ladies and gentlemen, you have heard the testimony of Ronald Sutton. He is alleged to have been involved in the same crime that the defendant Jessie Mongham is

3

charged with committing. You should consider this testimony with more caution than other witnesses. You also heard that Ronald Sutton has pled guilty to a crime. The fact that Mr. Sutton has pled guilty is not evidence of Jessie Mongham's guilt and cannot be considered against him. The evidence of the Plea Agreement is admitted to allow you to consider the testimony and Mr. Sutton's credibility. At the end of the case, I will give you more definite instruction about how that testimony fits in. I just wanted to give you that limited instruction at this point in time.

[Trial Tr. at 1-182].

During his closing rebuttal argument, the prosecutor stated to the jury, "[y]ou seek the truth through the evidence you've heard, assessing the credibility of the witnesses, and following the law, looking at the instructions that the Court will give, listening closely." [Trial Tr. at 3-171]. The prosecutor additionally said:

I'm not evidence. What I believe doesn't matter. I cannot stand up here and tell you what I believe. I can tell you what I believe the evidence shows. My personal opinion, Mr. Butler's [government co-counsel], Mr. Mearan's [defense counsel] have absolutely no business in that jury box. We cannot speak for the credibility of any witness. That's up to you.

[Trial Tr. at 3-173].

The prosecutor again referred to Sutton's testimony and plea agreement:

Ronald Sutton, his credibility. He testified, and he's got a Plea Agreement. He is hoping for the best, and I'm not going to tell you that he's not hoping for the best because that would be—nobody would believe that. He also told you that his Plea Agreement—and I think you will see it. I think it's actually been marked by Mr. Mearan. Look at it. It says, "truthful testimony and sentence to be determined by the Court." It has in there that if he cooperates fully and truthfully, we will ask the Court for a reduction. That's our sole discretion. But the Court doesn't have to grant it. Nowhere in that Plea Agreement will you see the words "make the government happy." It's about the truth. This has always been about the truth. This always will be about the truth. It has to be. That's the only way it works.

[Trial Tr. at 3-177].

4

On February 23, 2007, a jury convicted Mongham of the robberies on September 1, 2005, and October 4, 2005, and related firearms counts. The jury acquitted Mongham of the bank robbery on September 16, 2005, and associated brandishing charge.

On August 29, 2007, the district court sentenced Mongham to a total term of imprisonment of 482 months. The court sentenced Mongham to 98 months on the two bank robbery convictions to be served concurrently, and 84 months and 300 months respectively on the brandishing charges, to be served, as required by statute, consecutively to all other terms of imprisonment.

Mongham appeals his conviction and sentence.

### Discussion

### A. Claim of Improper Vouching for Government Witness

Mongham argues the prosecutor improperly vouched for Ronald Sutton's credibility through his questions on re-direct examination about the terms and meaning of the "truthfulness" provision of his plea agreement and by his comments about the agreement during rebuttal argument. The government contends that the statements are not improper, or are at least not so flagrant to merit reversal.

As discussed below, we hold that the comments, even if improper, are not flagrant and thus do not require reversal.

### 1. Standard of Review

We review "the question of whether prosecutorial misconduct requires reversal *de novo*." *United States v. Stover*, 474 F.3d 904, 914 (6th Cir. 2007).

Because defense counsel did not object to the rebuttal argument at the time, we review that claim of improper vouching for plain error. *United States v. Carroll*, 26 F.3d 1380, 1383 (6th Cir. 1994). To establish plain error, Mongham must show: 1) an error, 2) that is plain, 3) that substantially affects his rights; and 4) that substantially affects the fairness and integrity of the proceedings. Fed. R. Civ. P. 52(b); *United States v. Leachman*, 309 F.3d 377, 386 (6th Cir. 2002).

**2. Analysis**

We first consider "whether the prosecutor's conduct and remarks were improper." *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001). "Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility, thereby placing the prestige of the office of the United States Attorney behind that witness." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999). Comments constitute improper vouching if they are "blunt . . . or . . . imply that the prosecutor has special knowledge of facts not in front of the jury." *Id.*

If we find the prosecutor's actions improper, we then determine whether the improprieties were flagrant, requiring reversal. To determine whether improper prosecutorial remarks were flagrant, we consider "'(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong.'" *United States v. Modena*, 302 F.3d 626, 635 (6th Cir. 2002) (quoting *Carter*, *supra*, 236 F.3d at 783 (6th Cir. 2001)); *see also United States v. Monus*, 128 F.3d 376, 394 (6th Cir. 1997).

If remarks are improper but not flagrant, reversal is appropriate only if proof of defendant's

guilt was not overwhelming, the defendant objected to the improper remarks, and "the court failed

to cure the error with an admonishment to the jury." *Stover*, *supra*, 474 F.3d at 915.

In the present case, there were eyewitness identifications for each of the convicted charges,

and the trial judge made efforts to limit the effect on the jury. We thus reverse only if the remarks

are both improper and flagrant.

A prosecutor may properly refer to a plea agreement of a testifying witness. *United States v.*

*Owens*, 426 F.3d 800, 806 (6th Cir. 2005) ("When a defendant attacks the credibility of a

government witness for signing a plea agreement, the prosecution is entitled to refer to the agreement

in rebuttal  .  .  .  . Even where the defense did not mention the plea agreement, this Court condones

its reasonable use by the prosecution.").

The prosecutor may "elicit testimony about [the plea agreement's] terms, attack the

credibility of the witness because of it and even refer to the plea agreement of a government witness

in an attempt to deflect defense counsel's use of the agreement to attack the witness's credibility."

*United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999).

The prosecutor may not, however, "explain[] that there is to be a recommendation to the

witness's sentencing court [regarding] whether the terms of the plea agreement have been adhered

to." *Id.* This is so "[b]ecause that recommendation is dependent upon whether the witness testifies

truthfully," so "it is easy for a prosecutor to imply, either intentionally or inadvertently, that the

prosecutor is in a special position to determine whether the witness was, in fact, testifying

truthfully." *Id.* Statements are improper when "a jury could reasonably believe that the prosecutor [is], instead, expressing a personal opinion as to the witness's credibility." *Id.* at 551.

In the present case, we find that although the prosecutor's questioning on re-direct examination was improper, it was not flagrant, and as such, does not require reversal. *See Stover*, *supra*, 474 F.3d at 915; *Modena*, *supra*, 302 F.3d at 634-35. In addition, the prosecutor's remarks in rebuttal closing argument were not improper. Even assuming impropriety *arguendo*, the statements are not flagrant and certainly do not rise to the level of plain error required to reverse an unpreserved assertion of error. Accordingly, no prosecutorial misconduct occurred which entitles Mongham to a new trial.

During cross-examination, defense counsel sought to attack Sutton's credibility by reference to the plea agreement. In response, the prosecutor questioned Sutton about the provisions in his plea agreement requiring him to testify truthfully.

Mongham assigns as error questions asked by the prosecutor on re-direct examination. The prosecutor's question on re-direct, "weren't you told specifically that if you failed to testify truthfully I'd prosecute you for perjury?", was improper. Although reference to a plea agreement is not in itself improper vouching, *Francis*, 170 F.3d at 550, by stating the question in the first person ("I'd prosecute you for perjury"), the prosecutor implied that he had independent knowledge of whether Sutton's testimony was truthful. This question was, therefore, improper. As discussed below, however, the improper question was not flagrant.

Mongham contends also that the statements in the prosecutor's rebuttal argument, "[i]t's about the truth. This has always been about the truth. This always will be about the truth. It has to

be." crossed the line. [Trial Tr. at 3-177]. Taken in context, these statements were not improper. The prosecutor also stated in rebuttal argument, "[y]ou seek the truth through the evidence you've heard, assessing the credibility of the witnesses, and following the law, looking at the instructions that the Court will give, listening closely." [Trial Tr. at 3-171]. The prosecutor additionally emphasized to the jury that it alone was charged with making credibility determinations:

> I'm not evidence. What I believe doesn't matter. I cannot stand up here and tell you what I believe. I can tell you what I believe the evidence shows. My personal opinion, Mr. Butler's [government co-counsel], Mr. Mearan's [defense counsel] have absolutely no business in that jury box. We cannot speak for the credibility of any witness. That's up to you.

[Trial Tr. at 3-173].

The court in *United States v. Trujillo*, 376 F.3d 593, 608 (6th Cir. 2004), held that a prosecutor's statements in rebuttal argument that "[the witnesses] promised to be truthful and provide complete information. Truthful and complete information concerning all individuals with whom they conspired to distribute marijuana . . . . That's what they told you during their examination," was not improper. The statement was not improper because "the prosecutor did not offer any personal observations or opinions regarding the veracity of [the witnesses], nor did she place the prestige of the Government behind their credibility." *Id.* at 608-09.

By contrast, in *Francis*, *supra*, a prosecutor's opening statement that "if [the witness] testifies in this court truthfully, it's my intent to, as a government representative, to recommend a 15 year sentence for him," was improper. 170 F.3d at 550. This statement was improper because the prosecutor's wording "made it clear that her recommendation would depend on whether she personally believed [the witnesses] told the truth." *Id.* at 551.

The prosecutor's statements in the present case are closer to those upheld in *Trujillo*. The prosecutor did not offer any personal observation regarding Sutton's veracity, but rather referred to the fact that the plea agreement has a provision requiring truthful testimony. Defense counsel and the prosecutor had jointly entered the plea agreement at issue into evidence. The statement, "[i]t's about the truth. This has always been about the truth. This always will be about the truth," when taken in context, is not improper.

Even if the prosecutor's argument in rebuttal was improper, it does not rise to the level of plain error necessary to overcome the lack of objection.

Nor do the statements, when taken together,[1] even assuming impropriety of the closing rebuttal argument *arguendo*, require reversal, because the statements were not flagrant. Although a pattern of improper statements may require reversal even where no individual statement by itself is sufficiently prejudicial*, see U.S. v. Tocco*, 200 F.3d 401, 420 (6th Cir. 2000), that is not the case here.

First, the "remarks of the prosecutor" did not "tend[] to mislead the jury or prejudice the defendant." *Modena*, *supra*, 302 F.3d at 635 (quoting *Carter*, *supra*, 236 F.3d at 783). The jury, moreover, acquitted Mongham of the only count as to which Sutton was the sole witness. This shows that the jury was able to base its verdict on all the evidence despite the prosecutor's comments, and did not rely solely on Sutton's testimony. The jury, moreover, had before it in evidence the jointly introduced plea agreement to which the prosecutor referred.

---

[1] The determination of whether a prosecutor's behavior constitutes prejudicial error must be made in the context of the whole trial. *United States v. Young*, 470 U.S. 1, 11 (1985).

The trial judge additionally gave a cautionary instruction following the defendant's overruled objection to the prosecutor's questions on re-direct. Though the instruction was not in the form preferred by this court,[2] it nonetheless told the jury to view Sutton's testimony "with more caution than other witnesses," and that "evidence of the Plea Agreement is admitted to allow you to consider the testimony and Mr. Sutton's credibility." [Trial Tr. at 1-182].

The second and third considerations for determining whether an improper statement is flagrant also weigh against finding flagrancy. The improper remarks were isolated, and nothing suggests they were deliberately made. *Modena*, *supra*, 302 F.3d at 635. The remarks do not appear to be intended to prejudice Mongham, but were rather intended to contradict defense impeachment of a government witness. *Id.*

Finally, there was ample evidence of defendant's guilt. Although defense counsel implicitly and indirectly impugned the general reliability of eyewitness testimony, the jury clearly found that testimony to be credible. Having done so, it could rationally convict regardless of the prosecutor's

---

[2]*See United States v. Carroll*, 26 F.3d 1380, 1388-89 (6th Cir. 1994) (recommending that trial judges give a curative instruction similar to that suggested by Judge Friendly in *United States v. Arroyo-Angulo*, 580 F.2d 1137, 1150 (2d Cir. 1978) (Friendly, J., concurring), in response to improper vouching):

> [T]he judge should have instructed that the promise in the cooperation agreement adds little to the truth-telling obligation imposed by the oath; that the prosecutor often has no way of knowing whether the witness is telling the truth or not; that the books are not filled with perjury indictments of Government witnesses who have gone beyond the facts; and that an acquittal would not mean that as a matter of course the Government would seek such an indictment or even fail to make its promised recommendation of leniency.

questions and comments. The prosecutor's remarks, therefore were not flagrant and do not merit

reversal.

## B. Sentencing Issues

## 1. Substantive Reasonableness

Mongham also contends that his 482-month sentence is substantively unreasonable. We

review sentences for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United*

*States*, 552 U.S. 38, 45 (2007).

A sentence within a properly calculated advisory Guideline range is entitled to a rebuttable

presumption of reasonableness on review. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir.

2007).The defendant must demonstrate that the sentence is unreasonable. *United States v. Crowell*,

493 F.3d 744, 751 (6th Cir. 2007). The presumption of reasonableness cannot be overcome by a

mere allegation that the sentence is greater than necessary. *United States v. Brogdon*, 503 F.3d 555,

563 (6th Cir. 2007).

A sentence may be substantively unreasonable if the district court "select[s] the sentence

arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a)

factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Webb*,

403 F.3d 373, 385 (6th Cir. 2005).

The district court accurately calculated the advisory Guideline range for counts one and five

of the conviction [the bank robberies] as 87-108 months. Additionally, the district court properly

applied the statutory requirement of 18 U.S.C. § 924(c) to impose sentences of 84 months and 300 months for counts two and six, respectively.[3]

Mongham has not offered sufficient evidence to rebut the presumption of reasonableness and show the district court abused its discretion. He argues that the government overcharged him and the sentence imposed is greater than necessary. He contends that a sentence of 384 months was required under § 924(c) for the brandishing charges and that the 98 months imposed for the bank robberies was greater than necessary to accomplish the purposes of sentencing.

Mongham has failed to point to any factor raised before the district court that the district court failed to consider. Rather, he contends generally that the district court did not look at the sentence as a whole. This amounts to a general assertion that the district court should have reached a different conclusion. Under the circumstances of this case, that is not sufficient to vacate the sentence.

---

[3]Title 18, United States Code Section 924(c) provides:

(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . .—
        (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . .
   . . .
(C) In the case of a second or subsequent conviction under this subsection, the person shall—
        (i) be sentenced to a term of imprisonment of not less than 25 years
    . . .

Finally, Mongham argues that *Kimbrough v. United States*, 552 U.S. 85, 107-08 (2007), calls into question this court's decision in *United States v. Franklin*, 499 F.3d 578, 583-85 (6th Cir. 2007). The court in *Franklin* held that a sentencing court may not reduce an otherwise appropriate sentence to nullify the effect of a count of conviction requiring a consecutive, mandatory minimum term. *Id*. at 584.

In *Franklin* the sentencing judge stated, "to some extent because I feel that adding on a mandatory seven years truly inflates the sentence", *id.*, and varied downward. Here, in contrast, the sentencing judge gave no indication of a desire to nullify the effect of the mandatory minimum sentences on the § 924(c) charges. Thus, we need not examine the effect of *Kimbrough* on *Franklin*.

The district court considered the relevant 18 U.S.C. § 3553(a) factors. After considering those factors, the court stated, "[b]ased upon all that, I think I'm going to pronounce a sentence which I believe to be fair and reasonable and sufficient to comply with what justice requires but not too severe to be more than that." [Sent. Tr. at 18-19].

Mongham's arguments might persuade a different district judge to impose a lesser sentence, but that argument is unavailing here. *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006) ("[O]ur appellate review . . . looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence."). If a district court "consider[s] all the relevant sentencing factors, and impose[s] a sentence of reasonable length, we affirm . . . ." *Id.*

After reviewing the record and findings of the district court at sentencing, we conclude that Mongham's sentence was substantively reasonable and the district court did not abuse its discretion.

## 2. Consecutive Sentences

Mongham also objects to the district court's imposition of the statutorily mandated twenty-five year consecutive sentence on his second § 924(c) conviction.

As he concedes, however, under *Deal v. United States,* 508 U.S. 129, 136-37 (1993), when a defendant is charged with and convicted of multiple § 924(c) offenses in the same case, each additional conviction is a "second or subsequent conviction" within the plain meaning of the statute, requiring a consecutive sentence of twenty-five years on the subsequent counts. Defendant also recognizes that we are, of course, without authority to disregard controlling Supreme Court precedent.

The district court properly applied prevailing Supreme Court precedent in sentencing Mongham and its application of the twenty-five year sentence on the second § 924(c) count was not erroneous.

## Conclusion

For the foregoing reasons, we **AFFIRM** Mongham's conviction and sentence.